UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| **ASHLEY GROVE**, *individually and on behalf of all others similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> **GARDEN OF LIFE, LLC**, <br><br> Defendant. | **Case Nos.** <br><br> **25-CV-80113** <br> **25-CV-80216** |

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' UNOPPOSED MOTION TO CONSOLIDATE
RELATED ACTIONS, APPOINT INTERIM CLASS COUNSEL, AND SET SCHEDULE**

**THIS MATTER** is before the Court on Plaintiffs' Unopposed Motion to Consolidate Related Actions and Appoint Interim Class Counsel (the "Motion"). DE 11.  Having reviewed the papers and for good cause shown, the Motion is **GRANTED IN PART** as to consolidation and the appointment of interim co-lead counsel, but **DENIED IN PART** as to the proposed scheduling order, for the reasons set forth below.

**I.   BACKGROUND**

The present actions arise out of an alleged data breach involving Defendant Garden of Life, LLC's website software. DE 11 at 3.  Plaintiffs allege that on or around July 2024, a third-party gained unauthorized access to Defendant's website software and obtained Plaintiffs' sensitive personal data. *Id.*  Defendant notified Plaintiffs of the breach in January 2025. *Id.* at 4.  As a result, Plaintiff Ashely Grove filed her lawsuit, Case No. 25-CV-80113, on January 24, 2025, and Plaintiffs Kimberly Williams and Janine Scoville filed a similar suit, Case No. 25-CV-80216, on February 14, 2025. *Id.*  The causes of actions between the two complaints include negligence,

breach of implied contract, unjust enrichment, breach of confidence, and declaratory judgment. *Id.* Because the two cases involve subject matter material to each other, Plaintiffs Williams' and Scoville's case was transferred to the undersigned in light of the lower-numbered case on March 20, 2025. 25-CV-80216, DE 10 (citing S.D. Fla. L.R. 3.8; Section 2.15.00 of the Court's Internal Operating Procedures).   As both cases are now before the Court, Plaintiffs jointly seek consolidation of the actions and appointment of interim class counsel.

## II.   DISCUSSION

### 1.   Consolidation.

Where actions share "a common question of law or fact," Federal Rule of Civil Procedure 42(a) allows the Court to "(1) join for hearing or trial any and all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary costs or delay." *See also Hall v. Hall*, 584 U.S. 59, 77 (2018) ("District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases.").   Generally, this means that consolidation is appropriate where the complaints present virtually identical claims for relief, are based on the same conduct, and have similar issues of law and fact such that consolidation would promote judicial economy. *See Newman v. Eagle Bldg. Techs.*, 209 F.R.D. 499, 502 (S.D. Fla. 2002).   Consolidation may also be used to avoid risks of prejudice, possible confusion, burden on parties and witnesses, and undue expense to all those involved. *Stansell v. Revolutionary Armed Forces of Colombia*, No. 19-CV-20896, 2025 WL 475972, *2 (S.D. Fla. Jan. 22, 2025).

Here, the *Grove* and *Williams* class actions pending before this Court should be consolidated. The named plaintiffs in both cases jointly agree and request as much and Defendant

2

does not oppose. DE 11.  More importantly, there are common questions of law and fact between the two cases that warrant consolidation.  Each case arises from the same set of facts surrounding the circumstances of the data breach and what information was allegedly obtained by the third-party.  Additionally, both cases will have to address the same questions of whether Defendant was liable to Plaintiffs and, if so, to what extent, for its alleged negligence in protecting the Plaintiffs' information.  And, significantly, the cases will address the same questions of law as it relates to the putative class under Federal Rule of Civil Procedure 23.  In other words, the two actions "present the same factual and legal questions with respect to the formation of a duty and breach of that duty; involve the same Defendant; involve the same Data Breach; and involve the same types of Private Information." DE 11-1 at 5.  Moreover, consolidating the actions will help avoid undue burden on the parties and the Court.  For example, if the actions are not consolidated, there will be duplicative discovery and motions that will unnecessarily increase the costs on the parties and consume judicial resources.  To that end, the actions should be consolidated.

**2.      Interim Class Co-Lead Counsel.**

Appointment of interim class counsel is authorized by Federal Rule of Civil Procedure 23(g)(3).  It is recommended that the appointment of interim class counsel be considered at an early stage in the case to "clarif[y] responsibility for protecting the interests of the class during precertification activities." Ann. Manual Complex Lit. § 21.11 (4th ed.).   The relevant considerations in evaluating the adequacy of class counsel include: "(1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's

3

knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class." *In re Forta File Transfer Software Data Security Breach Litig.*, No. 24-MD-03090, 2025 WL 457896, *10 (S.D. Fla. Feb. 11, 2025) (citing Fed. R. Civ. P. 23(g)(1)(A)) (internal quotation marks omitted); *Morrison v. Family Dollar Stores, Inc.*, 24-CV-60294, 2024 WL 3312055 (S.D. Fla. June 11, 2024).  When considering the appointment of *co*-lead counsel, it is also useful to consider whether the attorneys "have worked together in other cases, their ability to collaborate in the past, divide work, avoid duplication, and manage costs." Bolch Judicial Institute, *Guidelines and Best Practices for Large and Mass-Tort MDLs* 43 (2d ed. 2018); *see also* Fed. R. Civ. P. 23(g)(1)(B) (noting that the Court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class.").

The Court has reviewed the records and resumes of the proposed interim co-counsel and is satisfied that they meet the requirements to represent the named Plaintiffs and the putative class. Attorneys Tyler Bean of Siri & Glimstad LLP and Eduard Korsinsky of Levi & Korsinsky LLP have both worked to identify and investigate the potential claims in the action as demonstrated by the complaints in both cases.  They have also successfully litigated and resolved class action disputes involving data breaches and other complex consumer claims in the past. DE 11-1 at 10–12.  Proposed counsel have knowledge of the applicable law and procedure.  Given this knowledge and experience, the attorneys and their firms also understand the resources necessary to effectively pursue litigation of this sort.  And, finally, the parties have worked with each other in the past. The combination of these factors confirms to the Court that proposed co-lead counsel are

"qualified and responsible, that they will fairly and adequately represent all parties on their side, and that their charges will be reasonable." Ann. Manual Complex Lit. § 10.22 (4th ed.).

**3.      Proposed Scheduling Order.**

In addition to the request for consolidation and the appoint of co-lead counsel, Plaintiffs suggest a proposed scheduling order for the briefing to follow this Order.  That request is **DENIED**. The parties shall comply with the briefing schedule as described below.

## III. CONCLUSION

Based on the foregoing, **IT IS ORDERED AND ADJUDGED** that:

1.      Plaintiff's Unopposed Motion to Consolidate Related Actions and Appoint Interim Class Counsel [DE 11] is **GRANTED** in part and **DENIED** in part.

2.      The following cases are hereby consolidated (the "Consolidated Action"):

      a.      *Grove v. Garden of Life, LLC*, Case No. 25-cv-80113 (S.D. Fla.);

      b.      *Williams v. Garden of Life, LLC*, Case No. 25-cv-80216 (S.D. Fla.).

3.      The Clerk of the Court is **ORDERED** to **ADMINISTRATIVELY CLOSE** *Williams*, Case No. 25-cv-80216 (S.D. Fla.), and to transfer all documents in that case to *Grove*, Case No. 25-cv-80113, which shall remain open.

4.      All future filings in this Consolidated Action shall be filed under the lead Case No. 25-cv-80113, the number assigned to the first-filed case, *Grove*.  All papers previously filed and served to date in *Williams* are deemed part of the record in the Consolidated Action.

5.     The parties shall file a Notice of Related Action whenever a future related case, that should be consolidated into this Consolidated Action, is filed in, transferred to, or removed to this District ("Related Actions").

6.     Plaintiffs in the Consolidated Action shall file an operative Consolidated Class Action Complaint within 20 days of the date of rendition of this Order. Defendants need not respond to the pending complaints filed in the Related Actions.

7.     Defendant's response(s) to the Consolidated Class Action Complaint shall be due 30 days after the Consolidated Class Action Complaint is filed.  In the event that Defendant's response is a motion to dismiss, Plaintiffs shall have 30 days to file their response thereto, and Defendant shall have 15 days thereafter to file any reply.

8.     Having given due consideration to the relevant factors set forth in Federal Rule of Civil Procedure 23(g)(1) and (4), including Rule 23(g)(1)(A)(i)-(iv), and finding that the proposed counsel meet the adequacy requirements thereunder, Tyler Bean of Siri & Glimstad LLP and Eduard Korsinsky of Levi & Korsinsky LLP are appointed as Plaintiffs' Interim Co-Co-Lead Counsel, in accordance with Rule 23(g)(3).

9.     Plaintiffs' Interim Co-Lead Counsel will be responsible for and have plenary authority to prosecute any and all claims of Plaintiffs and the putative class and to provide general supervision of the activities of Plaintiffs' counsel in the

Consolidated Action. Specifically, Interim Co-Lead Counsel shall have the following responsibilities, duties and authority to:

a.      Draft and file the consolidated complaint, and have final authority regarding what claims and parties are to be included;

b.      Determine and present in pleadings, briefs, motions, oral argument, or such other fashion as may be appropriate, personally or by a designee, to the Court and opposing parties the position of Plaintiffs and the putative class on matters arising during the pretrial proceedings;

c.      Coordinate and conduct discovery on behalf of Plaintiffs and the putative class consistent with the requirements of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of Florida;

d.      Consult with and employ consultants and/or expert witnesses;

e.      Draft and file a motion for class certification on behalf of Plaintiffs and the putative class;

f.      Conduct all pre-trial proceedings on behalf of Plaintiffs and the putative class;

g.      Enter into stipulations and agreements with Defendants;

h.      Sign all papers filed on behalf of Plaintiffs and the putative class;

i.      Convene meetings of all Plaintiffs' counsel, as necessary;

j.      Form task-specific subcommittees of Plaintiffs' counsel, as appropriate;

k.      Conduct settlement negotiations with Defendants;

l.      Maintain an up-to-date service list of all Plaintiffs' counsel for all consolidated cases, and promptly advise the Court and Defendants' counsel of changes thereto;

m.      Receive and distribute to Plaintiffs' counsel, as appropriate, discovery, pleadings, correspondence, and other documents from Defendants' counsel or the Court that are not electronically filed;

n.      Appear at Court-noticed status conferences and hearings;

o.      Be the contact persons for all Plaintiffs' counsel and as the attorneys of record with whom the Court will be dealing throughout the course of the litigation;

7

p.   Delegate specific tasks to other Plaintiffs' counsel in a manner to avoid duplicative efforts and ensure that pretrial preparation for Plaintiffs and the putative class is conducted effectively, efficiently, and economically;

q.   Otherwise coordinate the work of all Plaintiffs' counsel, and perform such other duties as the Interim Co-Lead Counsel deem necessary to advance the litigation or as authorized by further order of the Court; and

r.   Perform such other functions as necessary to effectuate these responsibilities or as may be expressly authorized by further Order of the Court.

10.   The mere communication of otherwise privileged information among and between Plaintiffs' counsel shall not be deemed a waiver of the attorney-client privilege or the attorney work product immunity, as the Court recognizes that cooperation by and among counsel is essential for the orderly and expeditious resolution of this litigation.

11.   Counsel for all parties are directed to cooperate with one another, wherever possible, to promote the expeditious handling of pretrial proceedings in the Consolidated Action, and to conduct themselves in a manner consistent with the Local Rules of the United States District Court for the Southern District of Florida

12.   This Order shall apply to any action filed in, transferred to, or removed to this Court which relates to the subject matter at issue in this case.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 28th day of April, 2025.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

8